ALFRED BURDEN, ADMINISTRATOR, ETC., v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Railroad companies—Injury to trespasser—Jumping from train—Proximate cause—Contributory negligence.*

A youth 18 years of age, upon being detected by the conductor of a passenger train upon which he was stealing a ride, refused to pay the required fare, and, upon the conductor's stating that he would turn him over to an officer at a certain place several stations distant, jumped from the rear platform of the last car, while the train was running at a high rate of speed, and was killed. And it is held that the statement of the conductor cannot be said to have been the proximate cause of the injury, and, furthermore, that the decedent was guilty of such negligence as would bar a recovery by the administrator of his estate for his death.

Error to Wayne.  (Lillibridge, J.)  Submitted on briefs  January 23, 1895.  Decided February 12, 1895.

Negligence case.  Plaintiff brings error.  Affirmed.  The facts are stated in the opinion.

*Ervin Palmer,* for appellant.

*Wells, Angell, Boynton & McMillan,* for defendant.

HOOKER, J.  Plaintiff's intestate, a youth of 18 years of age, and a companion somewhat younger, were detected riding upon the rear steps of the defendant's passenger train, by the conductor, who told them to come in the car, lest they be jerked from the train and injured.  On being asked where they were going, they replied, "To the next station."  They refused to pay fare, saying they had but three cents.  According to some of the testimony, the conductor then said that he would take them to Adrian, a distance of three or four stations, and turn them over to an officer, and then left them to see if any more boys were on the train; whereupon the boys mentioned had a conversation together, and went upon the rear platform again, and the plaintiff's intestate jumped from the train, and was killed, although his companion advised him not to do so, to which he replied that he could do it.

This was an act so palpably reckless as to be inexcusable. Nor can the statement of the conductor be said to have been the proximate cause of the injury to the deceased. The circuit court was right in directing a verdict for the defendant.

The judgment will be affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred.  MC-GRATH, C. J., did not sit.